**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**WAYSIDE WORLD CORP., d/b/a Wayside Inn, Defendant.**

**Civ. A. No. 85–0171–H.**

United States District Court, W.D. Virginia, Harrisonburg Division.

Sept. 15, 1986.

Issac Joe, Jr., Trial Atty., E.E.O.C., Baltimore Dist. Office, Baltimore, Md., E. Montgomery Tucker, Asst. U.S. Atty., Roanoke, Va., for plaintiff.

Paul J. Neal, Jr., Woodstock, Va., for defendant.

## MEMORANDUM OPINION

MICHAEL, Judge.

This is an action initiated by the Equal Employment Opportunity Commission [hereinafter EEOC or Commission] on behalf of Patricia S. Hoover for sex-based discrimination by her employer, Wayside World Corporation, d/b/a Wayside Inn [hereinafter Wayside]. Specifically, the Commission charges that Wayside discriminated against Hoover by firing her for fraternization with a male co-worker, when the company failed to fire the man. On November 17, 1983, Hoover filed a charge with the EEOC but failed to sign in the proper place.[1] The EEOC assigned one of its employees to investigate the charge, but a delay of six months occurred before the Commission realized that Hoover's charge was improperly sworn, and on April 6, 1984, a "perfected" charge was dated and

signed by Hoover. Notice of the charge was mailed to Wayside on April 10, 1984.

On April 16, 1985, after its initial investigation, the Commission issued a "Determination" which found reasonable cause to believe that Wayside had discriminated against Hoover. Both parties were issued EEOC form 153—the Invitation to Participate in Settlement Discussion—which Hoover returned, signed, and which Wayside failed to return. On June 4, 1985, the Commission determined that conciliation efforts were fruitless, and issued its Notification of Conciliation Failure. Subsequently, the Commission filed suit in this court on December 18, 1985.

Wayside has made a motion to dismiss or, in the alternative, for summary judgment, alleging that (1) the underlying charge is untimely, (2) the notice of charge given is untimely, (3) there was a failure to attempt effective conciliation, (4) the action is barred by laches, (5) the complaint fails to comply with Fed.R.Civ.P. 8(a)(2) and fails to state a claim upon which relief can be granted.

■ Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5 (1982), sets out statutory prerequisites to the filing of a lawsuit by any plaintiff, including the Commission. These are: (1) a timely charge of discrimination, (2) service of notice of the charge upon respondent within ten days of the issuance of the charge, (3) EEOC investigation of the charge, (4) a determination of the EEOC, (5) an unsuccessful good-faith attempt to conciliate the charge with a respondent, and (6) written notice that conciliation has failed. 42 U.S.C. § 2000e–5(a), (b), (e) and (f)(1). *See EEOC v. Sears, Roebuck & Co.*, 490 F.Supp. 1245, 1250–51 (M.D.Ala.1980); *Citicorp Person-to-Person Financial Corp. v. Brazell*, 658 F.2d 232 (4th Cir.1981); *King v. Seaboard Coast Line R.R.*, 538 F.2d 581 (4th Cir.1976). As these cases indicate, normally the absence of a timely charge will require dismissal of a subsequent Title VII complaint.

---

1. Hoover's signature appears below the charge particulars, but above the language swearing

"under penalty of perjury that the foregoing is true and correct."

Thus, the main issue in this controversy is whether the series of events described above are so far outside the statutory requirements as to require dismissal of the instant case. It is the decision of this court that they do not, although the delays in this case by the Commission are lamentable, to say the least.

### A. *Timeliness of the Charge*

█ Patricia S. Hoover's original charge was clearly within the 180 day statutory limit imposed by § 2000e–5(e). Subsection (b) of § 2000e–5 sets out other requirements for the submission of charges, including that "charges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires." These requirements are set forth in § 1601.12 of *Procedure of EEOC*, 29 C.F.R. § 1601.12 (1985). Section 1601(b) states that:

> (b) Notwithstanding the provisions of paragraph (a) of this section, a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of. A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received. A charge that has been so amended shall not be required to be redeferred.

It is the Commission's contention that the "perfected charge" thus relates back to the date of the original charge, and that this action is thus based upon a "timely" charge. Following the statutory scheme indicated above, it indeed appears that the perfected charge is timely. However, Wayside also asserts the failure of the Commission to notify it of the original charge within ten days. Title VII requires that the Commission serve notice of the charge on the respondent within ten days after the charge is filed. 42 U.S.C. § 2000e–5(b) (1982).

█ Wayside contends that the six month period of delay between the original charge and the notice warrants dismissal of the instant complaint. In support, Wayside cites *EEOC v. Airguide Corp.*, 29 F.E.P. Cas. 236 (S.D.Fla.1978), but it is plain that *Airguide* requires a clear showing of substantial prejudice on the part of the employer before suit will be barred. *See EEOC v. Airguide Corp.*, 539 F.2d 1038, 1049 (4th Cir.1976). While Wayside does argue that it has suffered prejudice, it does not appear to the court that the facts alleged support a finding that it has suffered "substantial" prejudice. While Wayside has alleged that witnesses have left its employ, it does not state that these witnesses are unavailable. Furthermore, the fact that witnesses' memories may have dimmed is not sufficient to support a finding of prejudice. *EEOC v. Liberty Loan Corp.*, 584 F.2d 853 (8th Cir.1978). In fact, counsel for Wayside taped several interviews with employees at the Wayside Inn soon after Hoover's termination.

Wayside also contends that the delay created a burgeoning claim for back pay which hindered settlement agreements by the time the parties began negotiations. Although Wayside has evidence of a settlement offer that may have been frustrated by the increasing back pay amount (Wayside offered $2,000 when Hoover was requesting $6,000), Wayside never again submitted to the conciliation processes of the EEOC during its conciliation efforts. Having refused to conciliate during the EEOC proceedings, Wayside cannot now allege prejudice from the initial six months' delay.

Substantial prejudice must be shown before laches will apply in Title VII cases. *EEOC v. American National Bank*, 420 F.Supp. 181 (E.D.Va.1976), *rev'd on other grounds*, 574 F.2d 1173 (4th Cir.1978); *EEOC v. Martin Processing*, 533 F.Supp. 227 (W.D.Va.1982). The elements specifically shown to prove undue prejudice in-

clude the unavailability of witnesses, changed personnel, and the loss of pertinent records. *EEOC v. Massey-Ferguson, Inc.*, 622 F.2d 271 (7th Cir.1980); *Liberty Loan, supra.* For the reasons outlined above, the defense of laches is also not available to Wayside.

### B. *Conciliation Efforts*

██ Wayside alleges that the Commission has failed to conciliate this dispute since it adopted an "all or nothing" approach to Hoover's claims. However, this court must give substantial deference to the Commission's determination that conciliation efforts have failed. *EEOC v. North Central Airlines*, 475 F.Supp. 667, 669 (D.Minn.1979); *EEOC v. Greyhound Lines, Inc.*, 411 F.Supp. 97 (W.D.Pa.1976). Under 42 U.S.C. § 2000e–5(f)(1), the Commission is authorized to file suit against any respondent named in the charge if 30 days after filing the charge "the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission ..." The facts in the case at bar appear similar to those in *EEOC v. Newtown Inn Associates*, 647 F.Supp. 957, 959–960 (E.D.Va.1986) in which the court noted:

> Even if we accept the defendant's version of the facts, their settlement offers never included what the EEOC determined was necessary to provide full relief. While trial on the merits may ultimately prove the defendants right, Congress has given the Commission the power to determine initially what Title VII requires by allowing them to determine what is an 'acceptable agreement'. *See* 42 U.S.C. § 2000e–5(f)(1).

Thus, absent any allegation of bad faith, which is not present here, Wayside cannot complain that the EEOC failed to attempt to conciliate these matters.

### C. *Failure to State a Claim*

While Wayside's motion to dismiss or, in the alternative, for summary judgment states that the complaint must be dismissed for failure to state a claim upon which relief can be granted, that issue is not separately briefed. It appears that Wayside used this argument in summation of its other legal arguments as to timeliness, etc. and does not take this argument into the sufficiencies of the allegations of the complaint itself. Thus, this matter cannot be considered further at this point.

Wayside's apparent belief that the complaint seeks to litigate other employment practices not related to the discharge of Hoover is unfounded in light of the Commission's concession that only those practices related to the Hoover incident are raised by the complaint. Similarly, Wayside's contention that the complaint must be dismissed because it fails to comply with the pleading requirements of Fed.R.Civ.P. 8(a)(2) has not been separately addressed. While the complaint complains of employment "practices", it is clear that these practices surround only the discharge of Hoover and Wayside's continuing failure to reemploy Hoover with full backpay.

### *Conclusion*

For the reasons set forth above, this court finds that the charge of discrimination by Hoover was, as amended, timely, under the conditions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5 (1982). Since the defendant has alleged no substantial prejudice, failure of the EEOC to serve notice of the charge upon Wayside does not cause the complaint to be time barred, either statutorily or for laches. Accordingly, Wayside's motion to dismiss or, in the alternative, for summary judgment shall be denied.

An appropriate Order shall this day issue.