Vicki MILNER

.v.

NATIONAL SCHOOL OF HEALTH TECHNOLOGY and William Lobel.

Civ. A. No. 75–2717.

United States District Court, E. D. Pennsylvania.

Feb. 7, 1977.

Michael K. Simon, David Berger, P. A., Philadelphia, Pa., for plaintiff.

Michael M. Westerman, Ettinger, Poserina, Silverman & Dubin, Philadelphia, Pa., for defendants.

## MEMORANDUM

JOSEPH S. LORD, III, Chief Judge.

This is an action for employment discrimination brought under 42 U.S.C. §§ 1981, 1983, 1985(3) and (4) and 2000e *et seq.* ("Title VII"). Plaintiff claims her rights were violated in that she was discharged because she was a divorced woman. The § 1981 claim has been dismissed. A motion to dismiss the §§ 1983 and 1985(3), (4) claims is outstanding pending discovery on the state action and conspiracy issues. Plaintiff now seeks to amend the complaint to add as a party-defendant the "National School of Health Technology, Inc." She also has moved to compel answers to interrogatories and to produce documents. Because the discovery issues depend to a significant extent on the resolution of the motion to amend, I am ruling on them together. Both motions will be granted with the qualifications set forth in the order which is filed concurrently with this memorandum.

I

*The Motion to Amend the Pleadings*

The National School of Health Technology was a proprietorship at the time of the plaintiff's discharge on October 25, 1974. On or about November 1, 1974, the defendant Lobel, owner of the proprietorship, incorporated the business. The plaintiff apparently did not realize that the form of ownership had changed until some discovery was completed. Accordingly, the corporation was not "named in the charge" before the Equal Employment Opportunity Commission ("EEOC") as required by 42 U.S.C. § 2000e–5(f)(1) as a jurisdictional prerequisite to a subsequent civil action.

Rule 15(a) provides that amendments to pleadings under circumstances such as these can be granted only with leave of the court, but "leave shall be freely given when justice so requires." Fed.R. Civ.P. 15(a). When an amendment seeks to change a party defendant against whom a claim will relate back to the date of the original pleading, Rule 15(c) requires that such party (1) received such notice of the commencement of the action that he will not be prejudiced in presenting a defense, and (2) that he knew, or should have known that, but for a mistake concerning the identity of the proper party, the action would have been against him. Fed.R. Civ.P. 15(c).

The defendant Lobel is the principal in both the proprietorship and the corporation. He is identified in the body of the complaint as "founder, owner and president" of the defendant National School of Health Technology. (Complaint ¶ 6). It is clear, therefore, that the notice and absence of prejudice requirements of Rule 15 are met in this case.

■ Absence of technical notice in the charge before the EEOC does not in all cases prevent jurisdiction. In labor law, the rule has evolved that where there is a substantial or complete identity of interest between a predecessor employer which has disappeared by a change in the form of ownership and a successor employer, employees may enforce unfair labor practice claims against the successor even though the claims arose against the predecessor. *John Wiley & Sons, Inc. v. Livingston,* 376 U.S. 543, 551, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964); *Golden State Bottling Co., Inc. v. N.L.R.B.,* 414 U.S. 168, 174–85, 94 S.Ct. 414, 38 L.Ed.2d 388 (1973). This "successor doctrine" applies to unlawful employment practices under Title VII. *EEOC v. MacMillan Bloedel Containers, Inc.,* 503 F.2d 1086, 1090 (6th Cir. 1974); *Slack v. Havens,* 522 F.2d 1091, 1094–95 (9th Cir. 1975).

■ All of the factors of "sameness" cited by the Sixth Circuit in applying the successor doctrine are present here. *See MacMillan Bloedel, supra,* 503 F.2d at 1094. The corporation had notice through its principal, Lobel, and defense counsel has conceded it is not prejudiced. Since all the assets of the proprietorship belong to the corporation, there is some question whether the plaintiff, if successful, will be able to obtain full relief unless the corporation is joined as a party. The business continued after incorporation without interruption in substantially the same form, with the same personnel and at the same location. Although in the intervening years the business has grown considerably, nothing would put an outsider on notice that the form of ownership had changed.

It would frustrate the policy of Title VII to allow employers to escape liability for unlawful employment practices simply by changing the form of ownership. Therefore, the corporation in this case must be deemed to have assumed contingent liabilities of the proprietorship under Title VII.

■ Nor does the jurisdictional prerequisite of § 2000e–5(f)(1) require the plaintiff to refile against the corporation with the EEOC. The jurisdictional prerequisite is designed to provide notice to the charged party and to permit the EEOC to attempt voluntary reconciliation. *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 44, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). Where there is a substantial or complete identity between the EEOC respondent and the new defendant in the civil action, these purposes of the statute are served. *MacMillan Bloedel, supra,* 503 F.2d at 1093; *Slack v. Havens, supra,* 522 F.2d at 1095. Title VII places a premium on avoiding delay, *see* §§ 2000e–5(e), 2000e–5(f)(4), and mandates settlement and conciliation. § 2000e–5(b). As the Sixth Circuit reasoned, the charging requirement of § 2000e–5(f)(1) together with the statute of limitations of § 2000e–5(e) indicates a Congressional intent that the discriminatee be required to name only those known to him who could have been charged within the limitations period. *MacMillan Bloedel, supra,* 503 F.2d at 1092–93; *Slack v. Havens, supra,* 522 F.2d at 1094–95.

## II

### The Motion to Compel

Plaintiff's requested discovery embraces a period from January, 1970 "until the present" which in the first set of interrogatories was August 12, 1976, or a six and one-half year period. Defendants object that the relevant time period for discovery ends on October 31, 1974, the date on which the proprietorship ceased to exist.

There are two bases for this position. First, Rules 33(a) and 34(a) are limited to discovery between parties. Discovery after October 31, 1974 relates to the corporation which was not named as a defendant in the original complaint. As I am granting the

motion to amend to join the corporation as a party-defendant, this position no longer has merit.

Secondly, as the alleged unlawful act was a discharge, the defendants maintain that discovery after the date of the discharge, October 25, 1974, is irrelevant.

■ In general, the scope of discovery through interrogatories and requests for production of documents is limited only by relevance, in the sense that the requested information could not lead to the discovery of relevant and admissible evidence, and by burdensomeness. Fed.R. Civ.P. 26(b), 33, 34. In a Title VII case, this scope is particularly broad. *Rich v. Martin Marietta Corp.*, 522 F.2d 333, 343 (10th Cir. 1975); *Burns v. Thiokol Chemical Corp.*, 483 F.2d 300 (5th Cir. 1973). Information relevant to an EEOC inquiry is likewise relevant in an individual action. *Burns, supra*, 483 F.2d at 305. And if the information has potential cogency to the case, the defendant must shoulder the burden. *Rich, supra*, 522 F.2d at 343.

It is well established that discovery of conduct predating the effective date of Title VII is relevant. *Burns, supra*, 483 F.2d at 306; *Evans v. I.B.E.W.*, 313 F.Supp. 1354, 1360 (N.D.Ga.1969). Nevertheless, where plaintiffs, or the EEOC, seek discovery running into the past, courts have set limits on the ground of burdensomeness. For example, in *Georgia Power Co. v. EEOC*, 295 F.Supp. 950 (N.D.Ga.), *aff'd* 412 F.2d 462 (5th Cir. 1969), the court limited discovery to five years before the alleged unlawful acts. *Id.* at 954. This position was adopted with modification in *EEOC v. Magnetics Division of Spang Industries*, (W.D.Pa.1976), 45 U.S.L.W. 2121, where the court required discovery for a period three and one-half years before the alleged violation and one and one-half years afterward. And in *General Insurance Co. v. EEOC*, 491 F.2d 133 (9th Cir. 1974), the Court of Appeals affirmed a denial of discovery that sought to reach back in time eight years covering forms of discrimination not charged.

■ Under these authorities, it cannot be said that discovery embracing a period of six and one-half years is objectionable for burdensomeness, especially where, as here, the defendants claim much of the requested information does not even exist.

■ Similarly, it cannot be maintained that the discovery requests are irrelevant. Plaintiff claims in her motion to amend the pleadings that there is an identity of interest between the corporation and the proprietorship. Surely she at least should be able to discover if such a relationship actually exists. *Tippett v. Liggett & Myers Tobacco Co.*, 316 F.Supp. 292, 296 (M.D.N.C.1970).

■ Plaintiff also has made allegations of conspiracy (Amended Complaint, ¶¶ 8, 9, 10, 17); retaliation (Amended Complaint, ¶¶ 12(g), 24, 25); and continuing discrimination (Amended Complaint, ¶¶ 10, 24). Discovery is relevant on the issues of damages and liability under these allegations. Evidence running forward from the date of the discharge also would be relevant to rebut the defense that the plaintiff was discharged for cause (Answer, Third Defense) by showing through statistics or otherwise, that defendants have a history of discriminating against divorced women as a class and that the defense is, therefore, a pretext. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–5, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

It is not clear to what extent the parties' difficulties with discovery will be remedied by my rulings on the relevant time period and the motion to amend. For their guidance, however, I add the following comments on sufficiency of responses.

■ Answers must be complete, explicit and responsive. If a party cannot furnish details, he should say so under oath, say why and set forth the efforts he used to obtain the information. He cannot plead ignorance to information that is from sources within his control. If a party is a corporation, information in the hands of its agents and others within its control must be supplied. 4A Moore's Federal Practice ¶ 33.26. However, where the answer states

that no record exists, the court cannot compel the impossible. *Moss v. Lane Co.*, 50 F.R.D. 122, 128 (W.D.Va.), *aff'd in part, remanded in part*, 471 F.2d 853 (4th Cir. 1973). Therefore, a sworn answer indicating a lack of knowledge and no means of obtaining knowledge is not objectionable. *Brennan v. Glenn Falls Nat. Bank & Trust Co.*, 19 F.R.Serv.2d 721, 722–23 (N.D.N.Y. 1974).

 Defendants also have objected on the grounds of relevance to interrogatories 46 through 54 and document requests 14 and 29, which seek certain personal information and records of the defendant Lobel. Lobel, of course, is the very person who is said to have discharged the plaintiff. These papers are not clearly privileged, Fed.R. Civ.P. 26(b)(1), and while in another context they might be irrelevant, where, as here, the defense claims a total absence of certain regular business records, the plaintiff may properly request such documentation as might exist.

I have considered defendants' other objections to certain interrogatories and document requests on the grounds of equal availability, public records, plaintiff's own knowledge and that the proper discovery device is depositions. These objections, on the state of this record, are so clearly without merit as not to be worthy of further discussion. *See* Fed.R. Civ.P. 26(b)(1), 26(d), 33(a), 34(b); Local Rule 25; 4 Moore's Federal Practice ¶¶ 26.56[3], 26.59; 4A Moore's Federal Practice ¶¶ 33.13, 33.17; 8 Wright & Miller, Federal Practice & Procedure, §§ 2014, 2167, 2169 (1970).

### III

#### *Attorney's Fees*

Plaintiff has moved for an award of attorney's fees under Rule 37(a)(4). Since 1970, counsel fees are to be awarded unless the opposition to discovery is substantially justified. Fed.R. Civ.P. 37(a)(4); 4A Moore's Federal Practice ¶ 37.02[10.–1].

Because the scope of discovery has depended to a large extent on rulings on the motion to amend and the question of the

relevant time period, I will withhold ruling on counsel fees until the defendants have an opportunity to respond to the discovery order filed with this memorandum.