Melvin CORMIER et al.

v.

PPG INDUSTRIES, INC., et al.

Civ. A. No. 751320.

United States District Court,
W. D. Louisiana, W. D.

July 6, 1978.

Etta Kay Hearn, Baton Rouge, La., Gabrielle K. McDonald, McDonald & McDonald, Houston, Tex., for plaintiffs.

Robert K. McCalla and Keith M. Pyburn, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., Robert T. Jacques, Jr., Lake Charles, La., for defendants.

## MEMORANDUM RULING

VERON, District Judge:

This is a Title VII race discrimination class action. A dispute has arisen as to the proper scope of discovery. Plaintiffs seek to obtain a wide variety of statistical and personnel information back to 1960. Defendant/PPG submits this period of time is excessive and unnecessary for a proper determination of the case and unduly burdensome.

Plaintiffs contend they are entitled to discover information pertaining to matters occurring prior to the limitations governing their claims as alleged in the complaint and the effective date of Title VII. Defendants contend that, other than the question of seniority, the discovery should be limited to two years prior to the effective date of plaintiffs' claims.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides in part:

"(1) *In General.* Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

Rule 26(c) of the Federal Rules of Civil Procedure provides that the court has the discretion to limit the scope of discovery for good cause.

Plaintiffs seek discovery as to the practices and policies of the defendant that occurred prior to the passage of the Civil Rights Act of 1964. And in support of that position have cited the case of *United Air Lines, Inc. v. Evans,* 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977). The language of the opinion which they rely on is found at page 558, 97 S.Ct. at page 1889 and is as follows:

" . . . a discriminatory act which is not made the basis for a timely charge is the legal equivalent of a discriminatory act which occurred before the statute was passed. *It may constitute relevant background evidence in a proceeding in which the status of the current practice is at issue,* but separately considered, it is merely an unfortunate event in history which has no present legal consequences. (Emphasis added).

They also argue and the court agrees that statistical analysis is relevant and has served an important role to establish the existence of discrimination in Title VII cases. Statistics are also useful to prove employment discrimination. See *International Brotherhood of Teamsters v. United States, et al.,* 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977).

There is no question that plaintiffs are entitled to secure discovery of acts prior to the effective date of their claims. The question is whether they shall be permitted to go as far back into history as they want. On one hand, under the Federal Rules of Civil Procedure, parties are entitled to obtain discovery regarding any matter as long as it appears reasonably calculated to lead to the discovery of admissible evidence. The highest court of this land has held in Title VII cases that statistical analysis is relevant and has served an important role to establish the existence of discrimination. See *International Brotherhood of Teamsters v. United States, et al.,* supra. Balanced against this premise is that a prior discrimination act which is not the basis for a timely charge is merely an unfortunate event in history. *United Air Lines, Inc. v. Evans,* supra.

Several lower courts have addressed themselves to the question before the court. In the case of *EEOC v. Magnetics Div. of*

*Spang Industries,* 13 FEP 191 (W.D.Pa. 1976), the court considered the question and concluded:

"While the issue of a reasonable time frame for discovery in Title VII actions was not at issue in *Griggs,* the above language would seem to further support the EEOC's position that the law permits discovery of employment practices which antedate the statute's effective date. We do not however believe the rule to be an inflexible one.

In another Title VII case this Court has stated that "[u]nder Rule 26(b) discovery in federal civil litigation is to be accorded liberal treatment so long as the information sought is relevant <u>and</u> reasonable." *Sanday v. Carnegie-Mellon* 75–256 (W.D. Pa.1975) (unreported). (Emphasis added.) We cannot permit blind application of a rule that was fashioned some years ago—and one that was necessary to enable earlier plaintiffs to establish a case under Title VII—to emasculate the "reasonableness" concept embodied in our discovery rules. As the wheels of time ever turn we think the significance of discovery in Title VII actions will shy away from strict <u>time</u> relevancy and lean toward <u>reasonable</u> relevancy . . plaintiff steadfastly maintains that, while the law authorizes pre-Title VII discovery, it (EEOC) is merely asking for information back to the statute's effective date. Carrying plaintiff's argument further, then, the courts will someday, say 1985, require employers to provide employment information spanning two decades—or more. That to this Court is preposterous.

We choose instead to follow a more practical approach similar to the one enunciated in *Georgia Power Co. v. EEOC,* 295 F.Supp. 950, 954, 1 FEP Cases 351, 69 LRRM 2017 (N.D.Ga.1968), aff'd 412 F.2d 462, 1 FEP Cases 787, 71 LRRM 2614 (5 Cir. 1969). There the court limited such discovery to five years prior to the date of the alleged discriminatory act. In do-ing so Chief Judge Smith noted that, while such a time limitation was admittedly arbitrary, the restriction was reasonable in the absence of special circumstances that would warrant a longer period. We embrace that thinking today . . . ."

█ This court feels that the foregoing discussion is a logical solution to the troublesome issue before the court. To allow discovery in this case to go back to 1960 would be unduly burdensome and would not serve any useful purpose. Allowing plaintiffs a reasonable time of five (5) years prior to the effective date of its claim would allow them sufficient time to establish a prior system of discrimination and statistical analysis to prove that the present acts complained of are discriminatory.

To go further back in history beyond the five year period under the circumstances of this case would serve no useful purpose. If there have been any discriminatory acts within the past five (5) years, such acts would certainly provide sufficient statistical background information in these proceedings. If there have been no acts of discrimination in the preceding five (5) years, acts which occurred prior to that period would not appear to lead to the discovery of admissible evidence.

Under all of the circumstances of this case, the court concludes and does hereby limit the period of discovery to a time of five (5) years prior to October 21, 1974. This ruling has no bearing on the seniority question in the case.