**Terrance L. RADDATZ, Plaintiff,**

**v.**

**THE STANDARD REGISTER COMPANY, Defendant.**

Civ. No. 4–96–822(JRT/RLE).

United States District Court,
D. Minnesota,
Fourth Division.

Nov. 24, 1997.

Eric J. Nystrom, Winthrop & Weinstine, St. Paul, MN, for Plaintiff.

Kevin P. Hickey, Truesdell & Briggs, P.A., Minneapolis, MN, for Defendant.

MEMORANDUM ORDER

ERICKSON, United States Magistrate Judge.

I. *Introduction*

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(A), upon the Plaintiff's Motion to Compel Discovery.

A Hearing on the Motion was conducted on October 20, 1997, at which time the Plaintiff appeared by Eric J. Nystrom, Esq., and the Defendant appeared by Kevin P. Hickey, Esq.

For reasons which follow, we grant, in part, the Motion to compel.

II. *Discussion*

In this action, the Plaintiff, a former employee of the Defendant, alleges that he was terminated from his position because of his age, in violation of the Age Discrimination in Employment Act, see, *Title 29 U.S.C. § 4621,*

*et seq.*, and the Minnesota Human Rights Act. See, *Minnesota Statutes Section 363.01, et seq.* Specifically, the Plaintiff has alleged that he was employed by the Defendant from 1969 until October 4, 1993, when his employment was terminated, assertedly for cause. From 1984 until his employment ended, the Plaintiff was employed as the Defendant's district sales manager for the Minneapolis district.

Currently before the Court is the Plaintiff's Motion to compel responses to his interrogatory Nos. 3–8, and to his twenty-fourth and twenty-fifth Requests for Production of Documents.[1] While each of these discovery requests seeks the production of distinct categories of documents or information, when they are viewed in composite, they demand access to detailed personnel and salary information concerning more than one hundred of the Defendant's employees, who have held the position of a district sales manager, during a period beginning on January 1, 1987, and continuing to the present. At the core of these requests, the Plaintiff seeks the production of the entire personnel files of these past and present employees. The Defendant has objected to these discovery requests, on the grounds of privacy, burdensomeness and relevancy.

As justification for the sweeping scope of this aspect of his discovery, the Plaintiff maintains that the requests are reasonably calculated to lead to the discovery of admissible evidence, since the information being sought could support his contention that his termination, by the Defendant, was but one part of a nationwide pattern and practice of age discrimination. In addition, the Plaintiff dismisses the Defendant's privacy objection since, if the personnel files were to be ordered produced, the privacy of the affected employees could be safeguarded by a mutually agreeable Confidentiality Order.

In our view, however, the Plaintiff unduly minimizes the weight which we should attach to the privacy interests of Defendant's present and former employees. In particular, we are troubled by the Plaintiff's proposal that he should gain unhindered access to the employees' personnel files, as we share the views of one Court, which has recently faced a similar Motion to compel:

> The subjects of such files are often non-parties to the litigation. Such files commonly contain addresses, phone numbers, income information, medical histories, employment discipline, criminal records, and other sensitive, personal information having little or no relevancy to the issues in litigation. To permit wide dissemination of personal files would result in a clearly defined, serious, and unnecessary injury to the privacy of the employee who is not a party to the lawsuit. Revelation of such information could cause economic or emotional harm. The files could contain embarrassing material. They commonly contain confidential material.

*Dahdal v. Thorn Americas, Inc.*, 1997 WL 599614 * 1 (D.Kan., September 15, 1997); see also, *Whittingham v. Amherst College*, 164 F.R.D. 124, 127 (D.Mass.1995) ("[P]ersonnel files contain perhaps the most private information about an employee within the possession of an employer.").

Furthermore, we respectfully disagree with those Courts which have appeared to suggest that the privacy concerns of non-party employees can be adequately placated by the production of their files under the terms of a Confidentiality Order. See, e.g., *Orbovich v. Macalester College*, 119 F.R.D. 411, 415 (D.Minn.1988); *Miles v. Boeing Co.*, 154 F.R.D. 112, 115 (E.D.Pa.1994); *Willis v. Golden Rule Insurance Co.*, 1991 WL 350038 *3 (E.D.Tenn., August 5, 1991). In our considered view, the very act of disclosing an

---

**1.** The Plaintiff has also moved to compel further responses to his ninth and twelfth Interrogatories, and to his nineteenth Request for Production. These aspects of the Plaintiff's Motion may be addressed summarily. First, we agree with the Defendant that it has fully responded to the Document Request, and to Interrogatory No. 9 and, therefore, that it has no obligation to respond further to these discovery requests.

Therefore, this aspect of the Motion to compel is denied. Second, with respect to the twelfth Interrogatory, the Defendant has represented that it is in the process of gathering the information, which is responsive to this Interrogatory, and will produce it to the Plaintiff when it becomes available. Therefore, the Motion to compel a response to that Interrogatory is granted.

employee's sensitive and personal data is a highly, and frequently, an unnecessarily intrusive act—whether or not that disclosure is governed by the terms of a Confidentiality Order. The intrusiveness of the act rests in disclosure to anyone, and the fact that the information may not be openly publicized brings little comfort to the co-employee, whose most private confidences are needlessly divulged. In our view, to order the production of such non-party employee files— even under the restrictions of a Protective Order—is not a step which the Court should lightly undertake.

 At a minimum, before a Court compels the production of non-party personnel files, it should first be satisfied that the information in those files is, indeed, relevant. In this respect, we agree that "[t]he mere fact that a person may be a witness in a case does not automatically warrant access to their personnel file." *Haselhorst v. Wal-Mart Stores, Inc.*, 163 F.R.D. 10, 11 (D.Kan. 1995). Moreover, production of the files in their entirety should not be ordered where the relevant information may be obtained by resort to less intrusive means of discovery. See, e.g., *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1034 (9th Cir.1990), cert. denied, 502 U.S. 957, 112 S.Ct. 417, 116 L.Ed.2d 437 (1991); *Alden v. Time Warner, Inc.*, 1995 WL 679238 *1 (S.D.N.Y. November 14, 1993); *Giraudo v. Henkels & McCoy, Inc.*, 1993 WL 415613 *1 (D.Or., October 7, 1993); *Held v. National R.R. Passenger Corp.*, 101 F.R.D. 420, 426 (D.D.C.1984).

Moreover, we are troubled by the expansive time parameters of the Plaintiff's requested discovery which, if granted, would require the Defendant to produce documents and information which span more than ten years. We agree with those Courts that, in employment discrimination cases, have placed reasonable limits upon the time periods for which discovery responses must be produced. See, e.g., *Obiajulu v. City of Rochester Department of Law*, 166 F.R.D. 293, 296 (W.D.N.Y.1996) (rejecting the plaintiff's requested eleven year discovery period and substituting period of three years) *Hicks v. Arthur*, 159 F.R.D. 468, 471 (E.D.Pa.1995) (allowing discovery of four months prior to

and two years after the tenure of the plaintiffs); *Miles v. Boeing Co.*, supra at 120 (discovery allowed for period of two years from date of alleged discrimination).

 Applying these competing considerations here, we are persuaded that the Plaintiff can obtain the information that he needs to advance his claims, without resort to a perusal of over one hundred personnel files relating to individuals who are not parties to this action. Moreover, we also find the proposed period of discovery to be unwarranted, and excessive. Accordingly, we restrict the time parameters of the discovery to include a period beginning two years prior to the Plaintiff's termination, and continuing until two years after his separation from employment. As to this period, the Defendant shall provide the Plaintiff with the following information, which concerns each district sales manager who was terminated by the Defendant during those four years period:

1. Their identities, their ages at the time of termination, and their dates of birth;

2. Their current addresses and phone numbers, if this information is in the Defendant's possession, otherwise, their last known addresses and phone numbers;

3. The reasons for their terminations; and

4. Their salaries at the time of termination.

Should the Plaintiff subsequently determine that this scope of production is inadequate, he is free to seek leave of the Court, upon a proper showing, to expand the scope but, by this proviso, we do not contemplate a mere Motion to Reconsider.

NOW, THEREFORE, It is—

ORDERED:

That the Plaintiffs' Motion to Compel Discovery [Docket No. 11] is GRANTED in part.