**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**
Plaintiff,

v.

**KANSAS CITY SOUTHERN RAILWAY, Defendant.**

No. 99–2512–GTV.

United States District Court,
D. Kansas.

June 28, 2000.

Andrea G. Baran, Andrea L. Taylor, U.S. E.E.O.C., Kansas City, KS, for Plaintiff.

John J. Jurcyk Jr., Jeanne Gorman Rau, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, for Defendant.

### *MEMORANDUM AND ORDER*

WAXSE, United States Magistrate Judge.

Pending before the Court is Plaintiff's Motion to Compel Discovery (doc. 27). Plaintiff seeks to compel Defendant to answer Interrogatory 12 of Plaintiff EEOC's First Interrogatories to Defendant.[1] For the reasons stated below, Plaintiff's motion will be granted in part and denied in part.

---

Richard P. Meyst) as those declarations become relevant in the Court's upcoming rulings.

**1.** Pursuant to counsel's communication with the Court via telephone on June 22, 2000, Plaintiff

has withdrawn its Motion to Compel Discovery with respect to Request 9 of Plaintiff EEOC's First Request for Production of Documents.

*Background*

Plaintiff Equal Employment Opportunity Commission ("the EEOC") brings this employment discrimination action on behalf of Michael Kerr ("Kerr") against Kansas City Southern Railway Company ("Defendant"), Kerr's former employer. More specifically, the EEOC claims Kerr, who is black, was terminated from his position as a railway conductor for violation of a safety rule but a similarly-situated white employee who violated the same safety rule was not terminated. Defendant responds that the two employees were not similarly situated, as Kerr was a recently hired employee who was still in his sixty-day probationary period.[2]

■ During discovery, Plaintiff propounded the following interrogatory to Defendant:

***Interrogatory 12.*** Please identify all African–American Brakeman/Conductors who have worked for Defendant at any time during the last 10 years. For each person identified, state his or her: (a) date of hire; (b) date of termination; (c) reason for termination; and (d) whether still employed by Defendant.

Defendant objected to Interrogatory 12, asserting the time frame set forth in the request was overly broad given Plaintiff worked for the company less ·than three months during 1997. Defendant further objected on grounds that (1) the request seeks information concerning a particular region of the company that has changed during the designated time period and (2) the company does not maintain records in such a way as to be able to answer the interrogatory. Without waiving these objections, Defendant stated it would produce its 1999 EEO–1 report.

In support of its motion to compel a complete answer to Interrogatory 12, Plaintiff maintains Defendant's objections are without merit. Plaintiff argues that, notwithstanding the fact Plaintiff worked for Defendant less than three months during 1997, the time frame identified is not overly broad because the information sought is relevant to (1) the issue of Defendant's state of mind regarding the presence of other African–American conductors in its workforce; and (2) the issue of disparate treatment of Plaintiff by Defendant. Plaintiff further argues that a change in composition of the identified region is an invalid objection under the Federal Rules of Civil Procedure.

*Discussion*

"[T]he scope of discovery under the federal rules is broad and 'discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues.'" *Gomez v. Martin Marietta Corp.,* 50 F.3d 1511, 1519 (10th Cir.1995) (quoting *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978)). The Tenth Circuit indicates discovery in discrimination cases should not be narrowly circumscribed. *Rich v. Martin Marietta Corp.,* 522 F.2d 333, 343–44 (10th Cir.1975). The scope of discovery is particularly broad in a Title VII case and "an employer's general practices are relevant even when a plaintiff is asserting an individual claim for disparate treatment." *Gomez v. Martin Marietta Corp.,* 50 F.3d at 1520 (citing *Scales v. J.C. Bradford & Co.,* 925 F.2d 901, 906 (6th Cir.1991)). "As a general rule, the testimony of other employees about their treatment by the defendant is relevant to the issue of the employer's discriminatory intent." *Spulak v. K Mart Corp.,* 894 F.2d 1150, 1156 (10th Cir.1990). A plaintiff may be allowed "extensive" discovery in order to prove his or her case. *Rich v. Martin Marietta Corp.,* 522 F.2d at 343. Nevertheless, "this desire to allow broad discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Gomez,* 50 F.3d at 1520 (quoting *Scales v. J.C. Bradford & Co.,* 925 F.2d 901, 906 (6th Cir. 1991)).

With regard to temporal scope, discovery of information both before and after the liability period within a Title VII lawsuit may be relevant and/or reasonably calculated to lead to the discovery of admissible evidence and courts commonly extend the scope of discovery to a reasonable number of years both prior to and following such period. *See,*

---

Thus, Plaintiff's motion with respect to this request will be denied as moot.

2. Kerr was terminated in December 1997—less than sixty days after he was hired.

*e.g., James v. Newspaper Agency Corp.*, 591 F.2d 579 (10th Cir.1979) (four years prior to liability period reasonable); *General Ins. Co. v. EEOC*, 491 F.2d 133 (9th Cir.1974) (eight years prior to liability period held excessive); *Raddatz v. The Standard Register Company*, 177 F.R.D. 446, 448 (D.Minn.1997) (allowing discovery into the period two years after termination); *Lyoch v. Anheuser–Busch Co.*, 164 F.R.D. 62, 67 (E.D.Mo.1995) (four years prior to liability period reasonable); *Hicks v. Arthur*, 159 F.R.D. 468, 471 (E.D.Pa.1995) (allowing discovery to extend to the period two years after the tenure of the plaintiffs); *Robbins v. Camden City Board of Education*, 105 F.R.D. 49, 62–63 (D.N.J.1985) (allowing discovery for a period of two years after employment terminated); *McClain v. Mack Trucks, Inc.*, 85 F.R.D. 53, 62 (E.D.Pa. 1979) (five years prior to liability period reasonable); *Cormier v. PPG Indus.*, 452 F.Supp. 594 (W.D.La.1978) (five years prior to liability period reasonable); *Stevenson v. General Electric Co.*, No. C–1–77–122, 1978 WL 150, at *1 (S.D.Ohio Oct.4, 1978) (noting emergence of a "five-year rule"); *Milner v. Nat'l Sch. of Health Tech.*, 73 F.R.D. 628, 632 (E.D.Pa.1977) (approximately five years prior to alleged violation). Thus, the task of the trial court is to balance the clear relevance of the information against the burden on the defendant. *Clarke v. Mellon Bank*, 92–CV–4823, 1993 WL 170950, at *2 (E.D.Pa. May 11, 1993).

 Given the language used within Interrogatory 12 ("at any time during the last 10 years"), and the fact that Plaintiff served Interrogatory 12 upon Defendant in March 2000, Plaintiff appears to be seeking the referenced information during a time period from March 1990 to March 2000. Upon weighing the relevancy of the information sought against the burden imposed upon Defendant under the particular facts presented here, the Court is persuaded that Plaintiff's request is overly broad. The Court therefore exercises its discretion to limit the temporal scope of Interrogatory 12. Keeping in mind that the scope, including the temporal scope, of discovery through interrogatories and requests for production of documents is particularly broad in Title VII cases, the Court is convinced that limiting the scope of Interrogatory 12 to a period of three years prior to the time the discriminatory conduct was alleged to have occurred and one year after the time the discriminatory conduct was alleged to have occurred is reasonable and sufficient for purposes of gathering information to establish a violation of Title VII.[3] Accordingly, Defendant shall respond to Interrogatory 12 for the time period from December 1994 to December 1998.[4]

Based on the discussion above, it is hereby ORDERED that Plaintiff's Motion to Compel Discovery is

(1) *granted* to the extent that Defendant shall respond to Interrogatory 12 for the time period from December 1994 to December 1998;

(2) *denied* to the extent that Defendant shall not be required to respond to Interrogatory 12 for the time period from March 1990 to November 1994 or from the time period from January 2000 to present; and

(3) *denied* as moot with respect to Plaintiff's Request 9.

IT IS SO ORDERED.

---

**3.** In response to Interrogatory 3 requesting information regarding brakeman trainees for the time period from January 1995 to present, Defendant produced the requested information for brakeman trainees hired during 1995, 1996 and 1997.

**4.** Although Defendant also summarily states in its brief that the request is objectionable because it seeks information concerning a particular region of the company that has changed during the time period set forth and that it does not maintain records in such a way as to be able to answer the interrogatory, Defendant fails to support this statement with further explanation or supporting documentation. A party objecting to the burden of providing discovery must specify the nature of the burden and provide specific explanations as to why the interrogatory cannot be answered. *See Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656 (D.Kan.1999); *Daneshvar v. Graphic Technology, Inc.*, No. 97–2304–JWL, 1998 WL 726091, at *1 (D.Kan.Oct. 9, 1998); *Hilt v. SFC, Inc.*, 170 F.R.D. 182, 186 (D.Kan.1997). Defendant here has failed to make any showing of burden to persuade the Court to deprive Plaintiff of the requested discovery, as limited by the Court.